IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BOWMAN, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| LIBERTY MUTUAL FIRE | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | NO. 08-5428 |

**MEMORANDUM AND ORDER**

Gene E. K. Pratter, J.                                                                                                         December 19, 2008

      Presently before the Court is a Notice of Removal filed by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") on November 17, 2008.[1]  As the moving party, Liberty Mutual has the burden of establishing jurisdiction. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).

      The Court, being a court of limited jurisdiction, has a continuing obligation to satisfy itself of its subject matter jurisdiction and to decide the issue *sua sponte* if so necessary.  Liberty Mut. Ins. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).  "For purposes of measuring the amount in controversy, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" Carlough v. Amchem Products, Inc., 1993 U.S. Dist. LEXIS 14402, at *43 (E.D. Pa. Oct. 6, 1993) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

      Plaintiff James Bowman filed suit in the Court of Common Pleas, Philadelphia County,

---

[1] Liberty Mutual nowhere in its Notice of Removal indicates upon what legal authority it seeks removal.  However, due to its focus on diversity of citizenship and the amount in controversy, the Court presumes that removal is based on 28 U.S.C. § 1332(a), under which jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, exceeding $75,000.00.

on October 17, 2008.  His complaint asserts claims for breach of contract and bad faith resulting from a refusal by Liberty Mutual to pay benefits under Mr. Bowman's insurance policy.  Mr. Bowman asserts that "as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under [his] policy of insurance, as well as the mishandling or Plaintiff's claim, Plaintiff has suffered loss and damage in an amount not in excess of $50,000.00." Complaint at 2.

Although Mr. Bowman states that his full Complaint demands loss and damage not in excess of $50,000, considered in the most generous light based on the specific wording of the individual claims, Mr. Bowman's Complaint conceivably could demand up to $71,821.17.  The Complaint values Plaintiff's real losses at $21,821.17.  Id., Ex. A.  For alleged bad faith by Liberty Mutual, Mr. Bowman "demands judgment against Defendant for punitive damages, counsel fees and costs, together with interest on Plaintiff's claim in an amount equal to the prime rate of interest plus three percent (3%), in an amount not in excess of $50,000.00." Id. at 5.

In its Brief in Support of Jurisdiction, Liberty Mutual rightly notes that "[p]unitive damages in general may properly be considered in determining whether the jurisdictional amount has been satisfied." Id. at 4 (citing Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943)).  The insurance company then argues that "an award of punitive damages in this case...has the potential to bridge the jurisdictional gap between the contract damages sought in the complaint and the jurisdiction amount of $75,000." Id. at 5.  Liberty Mutual seems to assert that because a theoretical jury in this case possibly could award punitive damages exceeding the demanded $50,000, the Court should ignore Plaintiff's Complaint, which specifically states that he is seeking less than $50,000, including punitive damages.  See Complaint at 2.

For demands of an indeterminate value, such as Mr. Bowman's demand in his bad faith claim, "the amount in controversy is not measured by the low end of an open-ended claim, but

rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993). However, Mr. Bowman specifies that he seeks no more than $50,000 in damages, including punitive damages, under his bad faith claim. Compare Ketz v. Ketz, 2007 U.S. Dist. LEXIS 43245, at *9 (M.D. Pa. June 14, 2007) (finding jurisdiction where the plaintiff sought unspecified damages "in excess of $50,000" for both a breach of insurance count and a bad faith count).

Because Liberty Mutual offers the Court no more than conjecture that a jury could possibly award Mr. Bowman greater damages than those explicitly sought in the Complaint, the Court finds the statutory minimum of $75,000 is not satisfied by the aggregation of Mr. Bowman's claims and that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is not established. Accordingly, this matter must be remanded to the Court of Common Pleas. See 28 U.S.C. § 1447(c) ("If at any time before final judgment is appears that the district court lacks subject matter jurisdiction, the case shall be remanded.)

An appropriate order follows.

BY THE COURT:

   /s/ Gene E.K. Pratter   
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BOWMAN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL FIRE | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | NO. 08-5428 |

## ORDER

**AND NOW**, this 19th day of December 2008, upon consideration of Defendant's Notice of Removal (Doc. No. 1) and Defendant's Brief in Support of Jurisdiction (Doc. No. 4), it is HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c), the above-captioned case is REMANDED to the Court of Common Pleas, Philadelphia County, Pennsylvania.

The Clerk of Court is instructed to CLOSE this case for all purposes, including statistics.

BY THE COURT:

  /s/ Gene E.K. Pratter  
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE